**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RUBEN ISRAEL RIVERA,      )
      Petitioner,      )    **Civil Action No. 06-142 Erie**
      )
v.      )
      )    **District Judge McLaughlin**
FRANKLIN J. TENNIS, <u>et al.</u>,      )    **Magistrate Judge Baxter**
      Respondents.      )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


## I.   RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.


## II.   REPORT

Petitioner, Ruben Israel Rivera, is a state prisoner incarcerated at the State Correctional Institution located in Graterford, Pennsylvania.  Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254.  Respondents submitted portions of the state court record in hard-copy format on October 4, 2006, and through a supplemental submission on May 21, 2007.


### A.   Relevant Procedural History

In 1999, Erie police charged Petitioner with multiple crimes related to the March 25, 1999, shooting of George Taylor.  Keith H. Clelland, Esq., was appointed to represent him, and counsel filed a pre-trial motion to suppress a videotaped interview with police, in which Petitioner made inculpatory statements.  The Honorable Fred P. Anthony of the Court of Common Please of Erie County, Pennsylvania, presided over a suppression hearing on October 25, 1999.  At the conclusion of the hearing, Judge Anthony denied the suppression motion.

Petitioner's trial commenced on January 19, 2000, before the Honorable Shad Connelly.

1

The Commonwealth introduced into evidence Petitioner's videotaped statement, in which he admitted that he shot Taylor. Petitioner also testified and admitted that he shot Taylor, but stated that he did so in self-defense. The jury did not credit his defense and found him guilty of attempted homicide, aggravated assault, carrying a firearm without a license, and possessing instruments of crime. On March 9, 2000, Judge Connelly sentenced him to an aggregate term of 10 to 20 years' imprisonment.

On June 7, 2000, Attorney Clelland was granted leave to withdraw as counsel. According to Petitioner, Assistant Public Defender Ines Massella, Esq., represented him on direct appeal, although the Common Pleas Court's docket also reflects that J.P. Burt, Esq., was appointed to represent him at some point, as well, during his direct appeal proceedings. In any case, Petitioner, through new counsel, pursued an appeal with the Superior Court of Pennsylvania. Respondents have failed to provide this Court with Petitioner's direct appeal pleadings or the state court decisions issued at that appeal. Nevertheless, Petitioner's post-conviction briefs, which are contained in the portion of the state court record submitted to this Court, establish that, on direct appeal, Petitioner raised issues solely related to the weight of the evidence admitted at trial.

The Superior Court affirmed Petitioner's judgment of sentence on December 10, 2001, and the Pennsylvania Supreme Court denied further review on May 22, 2002. Petitioner did not file a writ of certiorari with the United States Supreme Court; accordingly, his judgment of sentence became final on or around August 20, 2002, the date on which the ninety-day period to file a petition for writ of certiorari expired. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit for filing a writ of certiorari in the Supreme Court).

On February 18, 2003, Petitioner filed a *pro se* motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Judge Connelly denied the *pro se* PCRA motion and Petitioner appealed. While that appeal was pending, he filed a second PCRA motion, which Judge Connelly dismissed as improperly filed because the

2

appeal of Petitioner's first PCRA motion was before the Superior Court.

On March 29, 2004, the Superior Court vacated Judge Connelly's decision denying Petitioner's first PCRA motion and remanded for appointment of counsel.  Judge Connelly appointed William J. Hathaway, Esq., to represent Petitioner and, on August 3, 2004, counsel filed a supplemental motion for PCRA relief.  In the motion, Petitioner contended that trial counsel (Attorney Clelland) provided him with ineffective assistance at the suppression hearing. He also contended that his sentence was unconstitutional under the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).

Judge Connelly denied Petitioner's supplemental PCRA motion on October 26, 2004.  On July 13, 2005, the Superior Court issued a decision affirming the denial of post-conviction relief. Commonwealth v. Rivera, Docket No. 2024 WDA 2004 (Pa.Super.Ct. July 13, 2005).  In relevant part, the Superior Court held that Petitioner waived his claim that Attorney Clelland provided him with ineffective assistance of counsel at the suppression hearing, because Petitioner could have raised that claim, but did not, on direct appeal.  The court explained:

> It is axiomatic that a claim of ineffectiveness of counsel must be raised at the first opportunity that the petitioner is represented by new counsel.  **Commonwealth v. Carson**, **741 A.2d 686, 697 (Pa. 1999)**.  However, "a claim of ineffectivness will not be deemed waived where the petitioner has layered the claim by alleging the ineffectiveness of all prior counsel for failing to pursue the claim." **Commonwealth v. Allen**, **732 A.2d 582, 587 (Pa. 1999)**.  This must be done explicitly, as our Supreme Court has explained [in **Commonwealth v. McGill**, 832 **A.2d 1014 (Pa. 2003)**.]
>
> In his brief, [Petitioner] does not present a layered ineffectiveness claim. Indeed, it is not clear precisely what claim he is now alleging.…Given that [Petitioner] concedes that on direct appeal he did not raise any ineffectiveness claims [ ], including any claim that trial counsel was ineffective for failing to seek suppression of statements in the videotape, we must find [Petitioner's] present claim to be waived.  **See 42 Pa.C.S.A. § 9543(a)(3)**; **Commonwealth v. Rounsley**, **717 A.2d 537, 538 (Pa.Super. 1998)** (claims waived if not raised before trial court, during review, on appeal, or in a prior PCRA proceeding).[1]

---------------

[1] We note that [Petitioner's] obligation to raise any ineffectiveness claims on direct appeal was not obviated by our Supreme Court's decision in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002) (ruling that, as a general rule, ineffectiveness of counsel claims should be deferred to post-conviction proceedings), as his direct appeal was concluded at the time of the decision.  **See Commonwealth v. Ruiz**, **819 A.2d 92, 95 (Pa. Super. 2003)** (direct appeal must be pending at the time for **Grant** to apply).

(Id. at 4-5).

Next, Petitioner filed an application for reconsideration and an application to proceed *pro se* and to waive appointed counsel. The Superior Court granted Petitioner's application to proceed *pro se* and, on September 22, 2005, denied his application for reconsideration. On October 20, 2005, Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on May 17, 2006.[1]

On or about June 28, 2006, Petitioner filed the instant petition for writ of habeas corpus with this Court. In Claim 1 of the petition, he contends that Attorney Clelland provided him with ineffective assistance of counsel at the suppression hearing. (Document # 5 at ¶ 13). In Claim 2, he argues that Attorney Clelland provided him with ineffective assistance of counsel "by presenting a self-defense defense," rather than presenting substantive evidence to cast reasonable doubt upon the prosecution's evidence that Petitioner was in fact the shooter. (Id.; see also Docket # 15 at 20-23).

## B. Discussion

### 1. Petitioner's Claims Are Procedurally Defaulted

As set forth above, the Superior Court of Pennsylvania declined to review Claim 1 on the merits. It determined that Petitioner had waived the claim because he could have raised it on direct review, but failed to do so. Because the Superior Court denied Petitioner relief on Claim 1 based upon a state procedural rule of waiver, it must be determined if that ruling precludes this

---

[1]

Respondents inaccurately state in their Answer that Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania, and that as a result, the instant petition for writ of habeas corpus is untimely under the applicable limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is codified in relevant part at 28 U.S.C. § 2244(d)(1)(A). This argument has no merit. As noted previously, Petitioner's judgment of sentence became final on or about August 20, 2002. His PCRA proceeding commenced on February 18, 2003; therefore, ADEPA's limitations period was tolled after 181 days had expired. 28 U.S.C. § 2244(d)(2). The docket sheets from the state courts establish that Petitioner did file a petition for allowance of appeal with the Supreme Court of Pennsylvania during the PCRA proceeding and that that petition was denied on May 17, 2006. Thus, Petitioner's PCRA proceedings did not conclude until that date. He had approximately 184 days remaining to file a timely federal habeas petition, or until on or about November 18, 2006. His June 2006 petition therefore was timely filed.

Court from addressing the merits of the claim under the "procedural default" doctrine.  This doctrine is "grounded in concerns of comity and federalism," Coleman v. Thompson, 501 U.S. 722, 729-30 (1991), and it bars habeas relief on a federal constitutional claim whenever the petitioner has failed to comply with a state's procedural rule when he raised that claim in state court.  Id.

Before a state procedural rule can act as a bar to relief in federal court, the rule must be "independent" of federal law and its application "adequate."  Id.  Each criteria is met in this case.  The decision by the Superior Court was "independent" of federal law:  under Pennsylvania statutory law, an issue raised for the first time in a PCRA motion is waived if the petitioner could have raised it, but failed to do so, on direct appeal. 42 Pa.C.S. § 9544(b).  A state procedural rule is "adequate" if it is "firmly established and regularly followed" at the time that the alleged procedural default occurred.[2]  Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (quoting James v. Kentucky, 466 U.S. 341, 348-51 (1984)).  The Superior Court's decision here was "adequate," since, at the time of Petitioner's waiver (which would have been when he filed his direct appeal), he could have raised a claim regarding Attorney Clelland's alleged ineffective assistance at the suppression hearing, as he was represented at that point by new counsel.  And, at that time Pennsylvania appellate courts consistently and regularly dismissed review of claims as waived in non-capital cases when those claims were raised for the first time during PCRA proceedings but could have been raised on direct appeal.  Accordingly, Claim 1 is procedurally defaulted.

As for Claim 2, Petitioner admits that he failed to properly present it to, or "exhaust" it in, the state courts, and that, as a result, that claim also is procedurally defaulted.[3]  (Docket # 15 at

---

[2]

"While the state rule should be applied 'evenhandedly to all similar claims,' state courts only need demonstrate that in the 'vast majority of cases,' the rule is applied in a consistent and regular manner."  Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996) (quoting Hathorn v. Lovorn, 457 U.S. 255, 263 (1982) and Dugger v. Adams, 489 U.S. 401, 410 n.6 (1989)).

[3]

The doctrine of "exhaustion" requires a state prisoner to first present his federal constitutional claims to the state

(continued...)

20-23).  He contends, however, that he can overcome that default because he can present "new"
evidence to demonstrate that he is actually innocent.  (Id.)  As discussed below, that argument
has no merit.

### 2.      Petitioner's Default May Not Be Excused

A petitioner can overcome the procedural default of a claim under the "fundamental
miscarriage of justice" exception.  This exception provides that a procedural default may be
excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court
cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial
was free of nonharmless constitutional error[.]"  Schlup v. Delo, 513 U.S. 298, 316 (1995);
House v. Bell, ____ U.S. ___ , 126 S.Ct. 2064 (2006); Albrecht v. Horn, ____ F.3d ____ , 2007
WL 1149263, * 13-19 (3d Cir. Apr. 19, 2007); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d
Cir. 2004).  The "fundamental miscarriage of justice" exception ordinarily requires new and
reliable physical, scientific, or eyewitness evidence that would persuade any rational juror that
the petitioner *could not have committed the crime for which he was convicted.*  House, 126 S.Ct.
at 2076-86; Hubbard, 378 F.3d at 339-40.  This requirement ensures that a petitioner's case is

---

[3](...continued)

courts before raising those claims in federal habeas court.  28 U.S.C. § 2254(b)(1)(A); see e.g., O'Sullivan v. Boerckel,
526 U.S. 838, 843 (1999).  In Pennsylvania, this requirement typically means that a petitioner in a non-capital case
must present every claim raised in his federal petition to both the Common Pleas Court and the Superior Court either
on direct appeal or during PCRA proceedings.  See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).
Though, generally, a district court should require that a state prisoner return to state court to exhaust those claims that
are not exhausted, see Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the district court may "excuse" a petitioner's
failure to exhaust as "futile" if it is clear that the habeas petitioner's claims are now barred from review under state
law.  Gray v. Netherland, 518 U.S. 152, 161 (1996).  Futility is established where "exhaustion is not possible because
the state court would refuse on procedural grounds to hear the merits of the claims."  Lines v. Larkin, 208 F.3d 153,
164 (3d Cir. 2000).  Courts so hold because the exhaustion "requirement … refers only to remedies still available at
the time of the federal petition."  Gray, 518 U.S. at 161 (internal quotations and citations omitted).

Requiring Petitioner to return to state court and exhaust Claim 2 would be "futile" because litigating that
claim in state court is now foreclosed under Pennsylvania law.  See 42 Pa.C.S. § 9545(b)(1), § 9544(b).  Importantly,
when a petitioner cannot exhaust his claims due to futility, those claims are considered procedurally defaulted in
federal habeas court, because the court can confidently predict that the state court *would* decline "to address a
prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."  Slutzker v. Johnson,
393 F.3d 373, 380-81 & 381 n.6 (3d Cir. 2004) (internal quotation and citation omitted).  Thus, like Claim 1,
Petitioner has procedurally defaulted Claim 2 because he failed to comply with state procedural rules.

truly "extraordinary," a point that Justice Kennedy emphasized in <u>House</u>, stating "it bears repeating that the <u>Schlup</u> standard is demanding and permits review only in the extraordinary case." <u>House</u>, 126 S.Ct. at 2077.

This case is not a truly "extraordinary" one that meets <u>Schlup</u>'s "demanding" standard. <u>See</u> <u>House</u>, 126 S.Ct. at 2076-77. Petitioner claims that the following "newly presented evidence" demonstrates his actual innocence: "[l]ocal news video from March 25, 1999 and May 13, 1999 that depicts [him] wearing the same clothing from the shooting at the Preliminary Hearing where [he] sat ten feet away from the victim. Also, the Preliminary Hearing notes that reflects the victim[']s description of what the shooter was wearing, which parallels [Petitioner's] description that was given several weeks prior to the Preliminary Hearing." (Document # 15 at 22). None of the "newly presented evidence" that Petitioner relies upon is actually new. And, none of it demonstrates that a rational juror would have concluded, based upon it, that Petitioner could not have committed the crimes for which he was convicted. Petitioner admitted at trial that he shot Taylor. The jury rejected his contention that the shooting was done in self-defense. Any evidence offered by him now that he was not the actual shooter contradicts his own sworn testimony, and is entirely unpersuasive to support a claim that he can overcome his procedural defaults based upon his actual innocence.

A petitioner whose constitutional claims are procedurally defaulted can also overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." <u>Coleman</u>, 501 U.S. at 750; <u>see also</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 494 (1986).

To the extent that Petitioner would argue that his appellate counsel's decision not to raise either Claim 1 or Claim 2 on direct appeal amounts to "cause" for his default, that argument fails. First, an attorney's decision not to raise a claim on direct appeal is not the type of conduct that satisfies the "cause" requirement. As the Third Circuit Court has stated:

> Examples of "cause" that are "external to the defense" include interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim. *Generally, "cause" cannot be based on the mere*

7

> *inadvertence of the petitioner or petitioner's counsel to take an appeal.* "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." [Murray v. Carrier, 477 U.S. at 486]. Indeed, in Coleman v. Thompson, 501 U.S. 722 [ ] (1991), the Court addressed . . . the effect of a litigant's inadvertent failure to take a timely appeal in a state collateral proceeding. The Court, applying Murray v. Carrier, concluded that an "ignorant or inadvertent procedural default" does not satisfy the cause element of cause and prejudice. Coleman, 501 U.S. at 752[.]

Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (emphasis added).

Second, while the Supreme Court has recognized that attorney error that constitutes ineffective assistance of counsel within the meaning of Strickland v. Washington, 466 U.S. 668 (1984) can constitute cause for relief from procedural default, Coleman, 501 U.S. at 753-54, in the instant case Petitioner may not rely on his appellate counsel's alleged ineffective assistance to avoid procedural default. Concerned with comity and the prospect of placing federal courts in the anomalous position of adjudicating unexhausted state claims, the Supreme Court has required strict exhaustion of state remedies, even when counsel has been responsible for some procedural default. See Murray, 477 U.S. at 488-89. Therefore, a claim of ineffective assistance of appellate counsel must be properly presented to the state courts as an independent claim before it may be used to establish procedural default. Id. at 489. This Petitioner failed to do.

Additionally, Petitioner cannot rely on any claim that Attorney Hathaway's decision not to argue in the PCRA proceeding that appellate counsel was ineffective for failing to raise either Claim 1 or Claim 2 on direct appeal establishes "cause" for his default. To qualify as "cause" for a procedural default, an attorney's ineffectiveness must rise to the level of a Sixth Amendment violation. Cristin, 281 F.3d at 420. Because Petitioner has no Sixth Amendment right to representation during his PCRA proceedings, any alleged ineffectiveness on Attorney Hathaway's part during that proceeding cannot establish cause for the procedural default. Id. (citing Commonwealth v. Finley, 481 U.S. 551 (1987); Coleman, 510 U.S. at 752).

In conclusion, because Claim 1 and Claim 2 are procedurally defaulted and neither the "fundamental miscarriage of justice" nor the "cause and prejudice" exception is applicable to excuse the default of either claim, the petition for writ of habeas corpus should be denied.

8

### C.      Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether Petitioner's claims are procedurally defaulted.  Accordingly, a certificate of appealability should be denied.


### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be denied and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, __ F.3d __, 2007 WL 1321929 (3d Cir. May 8, 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: June 18, 2007

9